# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    v.                              CASE NO. 6:25-cr-10068-EFM-1-2

**ALEXANDER ACOSTA, and**        Filed Under Seal
**JUSTIN KELLY,**

        **Defendants.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)]**

On or about July 18, 2023, in the District of Kansas, the defendant,

**ALEXANDER ACOSTA,**

knowingly and intentionally possessed with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B).

## COUNT 2

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)]**

On or about August 25, 2023, in the District of Kansas, the defendant,

**JUSTIN KELLY,**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 3

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)]**

On or about September 5, 2023, in the District of Kansas, the defendant,

**JUSTIN KELLY,**

knowingly and intentionally distributed 50 grams of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT 4

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)]**

On or about September 22, 2023, in the District of Kansas, the defendant,

**JUSTIN KELLY,**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 5

**POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)]**

On or about February 11, 2024, in the District of Kansas, the defendant,

**JUSTIN KELLY,**

knowingly and intentionally possessed with intent to distribute 50 grams and more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A).

## COUNT 6

**POSSESSION OF A FIREARM**
**IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**
**[18 U.S.C. § 924(c)(1)(A)]**

On or about February 11, 2024, in the District of Kansas, the defendant,

**JUSTIN KELLY,**

knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance and distribution of a controlled substance.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## FORFEITURE NOTICE

1. The allegations contained in Counts 1-6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code 2461, and Title 21, United States Code, Section 853.

2. Upon conviction of one or more of the offenses set forth in Counts 2-6 of this Indictment, the defendant,

**JUSTIN KELLY,**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms or ammunition involved in the commission of the offenses, including, but not limited to:

    A. Mossberg 505 shotgun, 20 gauge, SN R817248;

    B. Hi Point semiauto 40 caliber SN 4128822;

    C. ammunition.

All pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

3. Upon conviction of one or more of the offenses set forth in Counts 2-5, the defendant,

**JUSTIN KELLY,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the

result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses.

    A.    A forfeiture money judgment against the defendant in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Counts 2-4.

4. If any of the property described above, as a result of any act or omission of defendant Justin Kelly:

    A.    cannot be located upon the exercise of due diligence;

    B.    has been transferred or sold to, or deposited with, a third party;

    C.    has been placed beyond the jurisdiction of the court;

    D.    has been substantially diminished in value; or

    E.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                      A TRUE BILL.

July 8, 2025                        s/Foreperson
DATE                                    FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
Acting UNITED STATES ATTORNEY

By: /s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas  67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: debra.barnett@usdoj.gov
Ks. S. Ct. No. 12729

> IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

## PENALTIES

### Counts 1, 3: 21 U.S.C. § 841(a)(1) & (b)(1)(B)

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least four (4) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $5 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least eight (8) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $8 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

### Counts 2, 4: 21 U.S.C. § 841(a)(1) & (b)(1)(C)

- Punishable by a term of imprisonment of not more than 20 years.  21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least three (3) years.  21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $1 million.  21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of not more than 30 years.  21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least six (6) years.  21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $2 million.  21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 5 [21 U.S.C. §§ 841(a)(1), (b)(1)(A)]**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least five (5) years.  21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $10,000,000.00 million.  21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life.  21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least ten (10) years.  21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $20,000,000.00 million.  21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 6: 18 U.S.C. § 924(c)**

- Punishable by a term of imprisonment of not less than five (5) years and no more than life.  18 U.S.C. § 924(c)(1)(A)(i).  This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant.  18 U.S.C. § 924(c)(1)(D)(ii).  If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life.  18 U.S.C. § 924(c)(1)(C)(i).

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.